Emeline C. Acton County Attorney
QUESTION:
Is Hillsborough County authorized to amend its current convenience store security ordinance to add a provision which states that "no sign shall be posed that states or implies that more than $50 cash is available on the premises"?
SUMMARY:
Hillsborough County is not authorized to amend its convenience store security ordinance with additional requirements as s. 8, Ch. 90-346, Laws of Florida, prohibits the imposition of more stringent standards of compliance than those contained in the act. However, this limited preemption is repealed December 31, 1991.
Hillsbourough County has a convenience store security ordinance which it adopted prior to September 1, 1990. The ordinance provides that: "A conspicuous sign shall be posted in the window adjacent to or on the door of the convenience food store which states that the cash register has $50.00 or less in it."
It has come to your attention that certain convenience stores in Hillsborough Count have displayed prominent signs advertising "INSTANT CASH — UP TO $599 TO LOTTERY WINNERS." According to your letter the actual cash is not available to store employees but access may be gained from a machine by using the coded winning lottery ticket.
You are concerned that this advertisement directly contradicts the sign that is required by your convenience store security ordinance and may potentially attract robbers who may be interested in "Instant Cash." Thus, Hillsborough County has asked whether it is authorized to clarify its current ordinance to add the following provision: "No sign shall be posted that states or implies that more than $50 cash is available on the premises."
Chapter 90-346, Laws of Florida, creates the "Convenience Store Security Act" (the act) to require certain minimum security measures at convenience stores to protect store employees and the consumer public from robbery and injury. The act has been codified in ss. 812.171-812.175, F.S. (1990 Supp.), and provides in part that:
 Each local government in which a death, serious injury, or sexual battery has occurred during the commission of a theft or robbery at a convenience store within its jurisdiction during the preceding 12 months shall adopt within 90 days an ordinance which mandates the provisions of ss. 812.173, 812.174, and 812.175.[1]
This office has determined that the "Convenience Store Security Act" contains a limited preemption to the state of this area of legislation.[2] However, this limited preemption is expressly repealed on December 31, 1991.[3]
Specifically, a local government may not, after September 1, 1990, adopt any local ordinance imposing more stringent standards than those prescribed in the act in ss. 4, 5, and 6.[4] this office has determined that more stringent standards than those contained in the Convenience Store Security Act would be "more strict or rigorous standards."[5]
Section 5 of the act states that each convenience store within a jurisdiction which adopts an ordinance as required by the act shall "[p]ost a conspicuous sign in the convenience store entrance which states that the cash register contains $50 or less."[6]
When a controlling law directs how a thing shall be done, that is, in effect, a prohibition against its being done in any other way.[7]
In AGO 91-16 this office considered whether a local government could require an additional sign stating that "the cash register and the employees present on duty have access to no more than $50" without violating s. 5, Ch. 90-346, Laws of Florida. The opinion concluded that "[a] local ordinance requiring convenience stores to post additional signs would impose a greater burden for compliance or more rigorous standard on such stores which is contrary to the expressed intent of the statute." Similarly, the requirement that "no sign shall be posted states or implies that more that $50 cash is available on the premises" would appear to impose a greater burden for compliance than is required in the act.
Thus, it is my opinion that Hillsborough County may not adopt an amendment to its Convenience Store Security Act imposing such a requirement as it would impose a more stringent standard for compliance with the act in violation of s. 8, Ch. 90-346, Laws of Florida.
[1] Section 812.172(1), F.S. (1990 Supp.).
[2] See, AGO's 91-7 and 91-16 dealing with the "Convenience Store Security Act" and its preemption of this area of the law to the state.
[3] Section 8, Ch. 90-346, Laws of Florida.
[4] Ordinances adopted in the future, however, may require safety enclosures or any of the provisions of ss. 3, 4, 5, 6 or 7 of the act.
[5] Attorney General Opinion 91-16.
[6] Section 812.173(3), F.S. (1990 Supp.).
[7] See, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944).